UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DINA GARCIA ICAL (A# 221-489-305),

Petitioner,

v.

WARDEN,

Respondent.

No.  1:26-cv-02344 DJC SCR

ORDER

Petitioner is a federal immigration detainee proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Pending before the undersigned is respondent's request to dissolve or lift the court's "no transfer" order.  ECF No. 10.

The undersigned issued a briefing schedule on March 30, 2026.  ECF No. 6.  To ensure the Court's jurisdiction to resolve the petition, the order prevented respondent from transferring petitioner to another detention center outside of this judicial district absent further order of the court.  ECF No. 6 (citing 28 U.S.C. § 1651(a) and F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966)).  In the request, respondent submitted evidence that an immigration judge ("IJ") ordered petitioner removed from the United States on April 7, 2026.  ECF No. 10-1.  Both petitioner and the government waived appeal, which respondent asserts makes the removal order final and shifts petitioner's detention to 8 U.S.C. § 1231.  ECF No. 10 at 1.

1

An order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order." See Ocampo v. Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)). DHS regulations further clarify that "[e]xcept when certified to the [BIA], the decision of the [IJ] becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." 8 C.F.R. § 1003.39; see also 8 C.F.R. § 1241.1(b) (order of removal becomes final "[u]pon waiver of appeal by the respondent"). Accordingly, petitioner's order of removal is final and the authority for her detention has shifted to 8 U.S.C. § 1231(a)(1)-(2). In light of respondent's statutory obligation to remove petitioner within 90 days of her final order of removal, 8 U.S.C. § 1231(a)(1)(A), the undersigned will grant respondent's motion and allow respondent to transfer petitioner for purposes of effectuating her removal.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.    Respondent's request to dissolve or lift the "no transfer" order (ECF No. 10) is GRANTED.

2.    The Court's order preventing petitioner's transfer (ECF No. 6) is hereby LIFTED.

3.    Respondent may transfer petitioner for the purposes of effectuating her lawful removal.

DATED: April 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2